FILED
2017 Oct-06 PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LORETTA JOYCE SKELTON, as the Personal Representative of the ESTATE OF RHETA S. SKELTON and as the Trustee of THE RHETA S. SKELTON 2015 REVOCABLE TRUST, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 2:17-cv-00277-JEO<br>) |
| PAUL LEE SAIA; PAULA SAIA WADE; LINCOLN FINANCIAL ADVISORS CORPORATION; LINCOLN NATIONAL LIFE INSURANCE COMPANY; EVANGELA R. TAYLOR SKELTON, as the Personal Representative of the ESTATE OF BRIAN L. SKELTON, SR., et al., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Loretta Joyce Skelton ("Plaintiff"), in her capacity as the Personal Representative of the Estate of Rheta S. Skelton ("Rheta's Estate") and as the Trustee of the Rheta S. Skelton 2015 Revocable Trust (the "Trust"), filed this action in the Circuit Court of Jefferson County, Alabama, naming Lincoln Financial Advisors Corporation ("Lincoln Financial"), Lincoln National Life Insurance Company ("Lincoln National"), Paul Lee Saia, and Paula Saia Wade as

defendants. (Doc. 1-1 at 3-12). She subsequently amended her complaint to add Evangela R. Taylor Skelton, as the Personal Representative of the Estate of Brian L. Skelton, Sr., as a defendant.[1] (Doc. 1-1 at 16-18). Plaintiff's complaint, as amended, asserts claims against all of the defendants for breach of fiduciary duty, conversion, fraudulent misrepresentation, deceit, fraudulent suppression, and civil conspiracy. All of the claims relate to a universal life insurance policy that insured the life of Brian Skelton. Plaintiff contends that Brian should have designated his mother, Rheta Skelton, as the owner and sole beneficiary of the policy, but instead designated himself as the owner and, ultimately, his wife Angel Skelton as the sole beneficiary. Plaintiff alleges that because Rheta was never designated as the owner and sole beneficiary of the policy as she should have been, Rheta's Estate and the Trust were wrongly deprived of the policy proceeds following Brian's death.

Lincoln National and Lincoln Financial (collectively, the "Lincoln Defendants") timely removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1). The Lincoln Defendants argue that there is complete diversity of citizenship between the parties, notwithstanding that

---

[1] In their various filings, the parties do not use a consistent shorthand reference for defendant Evangela R. Taylor Skelton, as the Personal Representative of the Estate of Brian L. Skelton, Sr. The defendant is variously referred to as "Angel," "Angel Skelton," "Defendant Skelton," and "the Estate of Brian Skelton." Here, the Court will refer to the defendant as "the Estate of Brian Skelton." References to "Angel" or "Angel Skelton" are to Evangela R. Taylor Skelton in her individual capacity.

2

Plaintiff, Saia, Wade, and the Estate of Brian Skelton are all citizens of Alabama.[2] The Lincoln Defendants contend that the citizenship of Saia, Wade, and the Estate of Brian Skelton should be ignored because they were fraudulently joined to evade federal jurisdiction.

Following removal, Saia and Wade filed a motion to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 4). The Estate of Brian Skelton filed a separate motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6). (Doc. 8). The motions to dismiss are substantially similar, except that the Estate of Brian Skelton not only challenges the legal sufficiency of Plaintiff's claims but also challenges Plaintiff's standing to bring claims on behalf of Rheta's Estate.

Plaintiff has conceded that Wade is due to be dismissed from this case, but otherwise opposes the motions to dismiss. (Docs. 11 & 14). In addition, Plaintiff has filed a motion for leave to amend her complaint to add an unjust enrichment claim against the Estate of Brian Skelton. (Doc. 13). She has also filed a motion to remand the case to Jefferson County Circuit Court, asserting that Saia and the Estate of Brian Skelton were not fraudulently joined and that their citizenship defeats diversity jurisdiction. (Doc. 15).

---

[2] Lincoln National and Lincoln Financial are not Alabama citizens. (Doc. 1 at ¶ 6).

All four of the pending motions have been fully briefed and are ripe for decision. For the reasons that follow, Plaintiff's motion to remand and motion to amend will be denied, Saia and Wade's motion to dismiss will be granted, and the Estate of Brian Skelton's motion to dismiss will be granted.

## FACTS[3]

At all relevant times, Rheta Skelton was the majority shareholder of South Haven Corporation ("South Haven"), a family-owned business that operates South Haven Nursing Home. Her son, Brian Skelton, served as South Haven's President.

In 1992, Rheta Skelton directed Brian Skelton and Paul Saia, a financial advisor for Lincoln Financial, to procure a "key man" insurance policy in the amount of $1 million insuring Brian's life and naming Rheta as the owner and beneficiary of the policy. Brian promised Rheta that he would purchase such a policy, but instead purchased a policy naming himself as the owner, Rheta as a 50% beneficiary, and his wife, Angel Skelton, as a 50% beneficiary (the "Policy"). Brian purchased the Policy from Lincoln National, with the assistance of Saia and Lincoln Financial. The Policy was a universal life insurance policy that included a

---

[3] Except where noted, these are the facts as alleged in Plaintiff's complaint, as amended. They may not be the actual facts.

cash value account.[4]  Rheta was unaware that the Policy did not name her as the owner and sole beneficiary as she had directed.

South Haven paid all of the premiums on the Policy.  In 2009, unbeknownst to Rheta, Brian removed Rheta as a 50% beneficiary under the Policy and made his wife, Angel, the 100% beneficiary.  In 2012, Rheta discovered for the first time that Brian had named Angel as a 50% beneficiary when he purchased the Policy in 1992 and had then made Angel the 100% beneficiary in 2009.  Rheta demanded that Brian change the Policy to make her, and not Angel, the 100% beneficiary, and Brain promised to do so.  At the same time, Plaintiff directed Saia to change the Policy to conform to Rheta's original instructions, and Saia, like Brian, promised to do so.  The changes were never made.

Rheta Skelton died in 2015.  Plaintiff alleges that she was named the Personal Representative of Rheta's Estate in Rheta's Will and was also named the Trustee of the Trust.

Brian Skelton died in 2016.  Plaintiff alleges that, because the Policy "never named the correct beneficiary and owner, [Rheta's] Estate and the Trust have been

---

[4] Although the Policy is referenced throughout Plaintiff's complaint and is central to her claims, a copy of the Policy was not attached to the complaint and it is never expressly identified in the complaint as a universal life insurance policy.  However, Lincoln National and Lincoln Financial have submitted a copy of the Policy in support of their opposition to Plaintiff's motion to remand, along with an affidavit authenticating the Policy and confirming that it is a universal life insurance policy. (Doc. 27-1).  Plaintiff has not challenged the Policy's authenticity.  Accordingly, the Court may consider the Policy in ruling on the pending motions. *See, e.g., Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1285 (11th Cir. 2007).

deprived of the proceeds they should have received under the Policy" following Brian's death. (Doc. 1-1 at 8, ¶ 23).

## ANALYSIS

**I.     PLAINTIFF'S MOTION TO REMAND**

Because Plaintiff's motion to remand raises the threshold issue of whether this Court has subject matter jurisdiction over this case, the Court must address that motion first. As noted above, the Lincoln Defendants removed the case from Alabama state court based on diversity jurisdiction. Diversity jurisdiction exists where the plaintiffs and defendants are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. Section 1332 "requires 'complete diversity'—the citizenship of every plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005).

Here, the Lincoln Defendants admit that Paul Saia and the Estate of Brian Skelton are non-diverse defendants, but they argue that the citizenship of both defendants should be disregarded because they were fraudulently joined.[5] "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Fraudulent joinder is established "when there is

---

[5] Paula Saia Wade is also a non-diverse defendant, but, as noted above, Plaintiff has conceded that Wade is due to be dismissed from the case. (Doc. 11 at 2).

no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.* The defendant must demonstrate fraudulent joinder by "clear and convincing evidence." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). If fraudulent joinder is shown, the court "must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Id.* As always, "[the] removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002).

In their notice of removal, the Lincoln Defendants assert that Saia and the Estate of Brian Skelton were fraudulently joined because "there is no reasonable possibility that Plaintiff can prove a cause of action against them." (Doc. 1 at ¶ 12). In their opposition to Plaintiff's motion to remand, they similarly argue that Plaintiff has "no possibility of recovery" against Saia and the Estate of Brian Skelton. (Doc. 19 at 1). All told, the Lincoln Defendants have advanced five arguments for why Plaintiff cannot possibly prevail on her claims against Saia and the Estate of Brian Skelton. The Court, however, need only address the Lincoln Defendants' first argument: namely, that none of the claims Plaintiff has asserted against Saia and the Estate of Brian Skelton survived Rheta Skelton's death in

favor of her estate.[6] (Doc. 1 at ¶ 13). As discussed below, the Court agrees with the Lincoln Defendants that Alabama's survival statute bars Plaintiff's claims. As a result, Plaintiff cannot possibly prevail on any of her claims against Saia and the Estate of Brian Skelton, whose citizenship does not defeat diversity jurisdiction due to their fraudulent joinder. Because Plaintiff's motion to remand is due to be denied for this reason, the Court will pretermit consideration of the other arguments advanced by the Lincoln Defendants.[7]

As noted, Plaintiff, in her capacity as the Personal Representative of Rheta's Estate and as the Trustee of the Trust, has asserted six claims against Saia and the Estate of Brian Skelton: breach of fiduciary duty, conversion, fraudulent misrepresentation, deceit, fraudulent suppression, and civil conspiracy. All of

---

[6] The Lincoln Defendants' other arguments are that Plaintiff's claims are barred by Alabama's rule of repose (Doc. 1 at ¶14); that Plaintiff's claims are barred by the applicable statutes of limitation (*id.* at ¶¶ 15-17); that Plaintiff's claims fail on the merits as a matter of law (*id.* at ¶¶ 18-22); and that Plaintiff does not have standing to pursue her claims (Doc. 19 at 11-12).

[7] The issues raised in the Lincoln Defendants' notice of removal and Plaintiff's motion to remand are also discussed at length in Saia and Wade's motion to dismiss (Doc. 4), Plaintiff's opposition thereto (Doc. 11), and Saia's reply (Doc. 12), and in the Estate of Brian Skelton's motion to dismiss (Doc. 8), Plaintiff's opposition thereto (Doc. 14), and the Estate of Brian Skelton's reply (Doc. 17). In her motion to remand, Plaintiff has incorporated by reference her opposition to Saia and Wade's motion to dismiss and her opposition to the Estate of Brian Skelton's motion to dismiss. (Doc. 15 at 5). Likewise, in the Lincoln Defendants' opposition to the motion to remand, the Lincoln Defendants have incorporated by reference Saia and Wade's motion to dismiss, the Estate of Brian Skelton's motion to dismiss, and their respective replies. (Doc. 19 at 2 n.2).

these claims fail as a matter of law because they are barred by Alabama's survival statute, ALA. CODE § 6-5-462.[8]

"Under the Alabama survival statute … an unfiled claim sounding in tort will not survive the death of the person with the claim[.]" *Brooks v. Hill*, 717 So. 2d 759, 763 (Ala. 1998) (citations omitted); *see also Gillilan v. Federated Guar. Life Ins. Co.*, 447 So. 2d 668, 674 (Ala. 1984) ("A claim sounding in tort for which no action has been filed does not survive death in favor of the personal representative."). Here, all of Plaintiff's claims against Saia and the Estate of Brian Skelton sound in tort and they were all unfiled at the time of Rheta Skelton's death. Consequently, none of the claims survived in favor of Rheta's Estate. *See, e.g., Brooks*, 717 So. 2d at 764 (widow's claim for breach of fiduciary duty sounded in tort and "did not survive the decedent's death"); *McCulley v. SouthTrust Bank of Baldwin Cnty.*, 575 So. 2d 1106, 1107 (Ala. 1991) (a conversion claim "does not survive in favor of the death of the allegedly injured party in favor of her personal representatives"); *Miller v. Dobbs Mobile Bay*, 661

---

[8] ALA. CODE § 6-5-462 provides:

> In all proceedings not of an equitable nature, all claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal claims upon which no action has been filed survive against the personal representative of a deceased tort-feasor.

9

So. 2d 203, 205 (Ala. 1995) ("Any claim based on a fraud perpetrated on [the decedent] would not survive in favor of his personal representative."); *Boyles v. Union Sec. Ins. Co.*, 2014 WL 1329549, *6 (N.D. Ala. Apr. 1, 2014) (where fraud claim failed under Alabama's survival statute, related claim for conspiracy to commit fraud also failed because "'[a] civil conspiracy cannot exist in the absence of an underlying tort'") (quoting *Goolesby v. Koch Farms, LLC*, 955 So. 2d 422, 430 (Ala. 2006)).

Effectively conceding that her claims fall within and are barred by Alabama's survival statute, Plaintiff argues that the Court should adopt a "discovery rule" exception to the statute. (Doc. 11 at 3-6; Doc. 14 at 3-6). The Court is unwilling to do so. Even assuming (without deciding) that one or more of Plaintiff's claims were not discoverable until after Rheta Skelton's death, Alabama's survival statute does not provide for a "discovery rule" exception. The statute provides that all personal claims "upon which an action has been filed" survive in favor of the personal representative; it does not carve out an exception for unfiled personal claims that were not discoverable by the decedent prior to death. Indeed, Plaintiff has cited no Alabama authority recognizing such an exception.[9] It is not within the province of this Court to engraft an exception onto an Alabama statute. *See, e.g., Honeycutt v. Employees' Ret. Sys. of Ala.*, 431 So. 2d

---

[9] Plaintiff concedes that "Alabama courts have yet to determine whether the discovery rule applies to survivorship actions." (Doc. 11 at 3; Doc. 14 at 3).

961, 964 (Ala. 1983) ("[I]t is not the function of this court to usurp the role of the legislature and to amend statutes under the guise of construction."); *Sustainable Forests, LLC v. Ala. Dep't of Rev.*, 80 So. 3d 270, 273 (Ala. Civ. App. 2011) ("It would be the province of the legislature, not this court, to create such an exception from the broad coverage of the statute."). Under the plain language of Alabama's survival statute, the only tort claims that would have survived Rheta Skelton's death were those upon which an action had already been filed. Because none of Plaintiff's claims against Saia and the Estate of Brian Skelton was the subject of an action filed before Rheta's death, the survival statute bars all of Plaintiff's claims.

In Plaintiff's reply in support of her motion to remand, Plaintiff argues that "at a minimum" her conversion and conspiracy to convert claims are not barred by the survival statute. (Doc. 21 at ¶ 3). She argues that "it was only when the proceeds of the Policy were paid out following Brian's death on July 2, 2016 that a claim for conversion accrued." (*Id.*) Plaintiff's argument fails for at least two reasons. First, Plaintiff's conversion claim alleges that "Defendants have wrongfully taken, illegally assumed ownership of, and wrongfully interfered with the insurance proceeds to be paid under the Policy." (Doc. 1- at 9, ¶ 30). If any such wrongful taking, illegal assumption of ownership, or wrongful interference occurred, it occurred back in 1992, when Brian Skelton made himself the owner of the Policy and his wife a 50% beneficiary, in contravention of Rheta Skelton's

11

alleged instructions to Brian and Saia to make her the owner and sole beneficiary of the Policy. Plaintiff has alleged no facts indicating that Saia or the Estate of Brian Skelton ever took possession of the insurance proceeds when they were paid out, assumed ownership of those proceeds, or interfered with how the proceeds were paid out. Therefore, any conversion claim against Saia and the Estate of Brian Skelton accrued in 1992 and did not survive Rheta's death.

Second, a claim for conversion requires "a wrongful taking, detention, or interference, or an illegal use or misuse of another's property." *Willingham v. United Ins. Co. of America*, 628 So. 2d 328, 333 (Ala. 1993). "The gist of the action is the wrongful exercise of dominion over property to the exclusion of or in defiance of a plaintiff's rights, where the plaintiff has a general or specific title to the property or the immediate right to possession." *Greene Cnty. Bd. of Educ. v. Bailey*, 586 So. 2d 893, 898 (Ala. 1991). Here, it is undisputed that Angel Skelton was the 100% beneficiary of the Policy at the time of Brian Skelton's death. (Doc. 1-1 at 6, ¶ 14). Plaintiff had no ownership interest in the Policy or its proceeds, no title to the Policy or its proceeds, and no right to possess the proceeds when they were paid out, whether in her capacity as the Personal Representative of Rheta's Estate or her capacity as the Trustee of the Trust. Indeed, the crux of Plaintiff's complaint is that the Policy "never named the correct beneficiary and owner …." (Doc. 1-1 at 8, ¶ 23). Because Plaintiff had no ownership interest in the Policy and

12

no right to the Policy proceeds, her conversion claim fails as a matter of law in addition to being barred by Alabama's survival statute.

In sum, Plaintiff cannot possibly prove any of her claims against Saia and the Estate of Brian Skelton, because none of her claims survived Rheta Skelton's death. Accordingly, the Lincoln Defendants have established that Saia and the Estate of Brian Skelton were fraudulently joined in this action, and their citizenship will be ignored for purposes of diversity jurisdiction. It being undisputed that Plaintiff and the Lincoln Defendants are of diverse citizenship, diversity jurisdiction exists in this Court and Plaintiff's motion to remand is due to be denied.

## II. PLAINTIFF'S MOTION TO AMEND HER COMPLAINT

In an apparent effort to rescue her complaint from the dictates of Alabama's survival statute, Plaintiff has moved the Court for leave to amend the complaint to add an unjust enrichment claim against the Estate of Brian Skelton, an equitable claim that would not be barred by the survival statute.[10] (Doc. 13). Ordinarily, a court should "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). However, a court may properly deny a motion to amend for, among

---

[10] Alabama Code § 6-5-464(b) provides: "All claims equitable in nature upon which no action has been filed shall survive in favor of and against the personal representatives, heirs, or successors of deceased persons who, but for their death, could have enforced such claims or against whom such claims could have been enforced."

13

other reasons, "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Plaintiff's motion to amend is due to be denied for futility.

"To prevail on a claim of unjust enrichment under Alabama law, a plaintiff must show that: (1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation." *Portofino Seaport Vill. v. Welch*, 4 So. 3d 1095, 1098 (Ala. 2008). Plaintiff seeks to add an unjust enrichment claim against the Estate of Brian Skelton. (Doc. 13-1 at ¶ 53). However, Plaintiff has not shown, and cannot possibly show, that the Estate of Brian Skelton ever "knowingly accepted and retained" the benefit at issue—the proceeds of Brian Skelton's life insurance policy. As previously noted, Plaintiff's complaint specifically alleges that Angel Skelton, Brian's wife, was the 100% beneficiary of the Policy. (Doc. 1-1 at 6, ¶ 14). In addition, Plaintiff has confirmed in her briefs that "the proceeds of the [P]olicy were disbursed to Brian's wife" after his death. (Doc. 11 at 5; Doc. 14 at 5). Because the Policy proceeds were payable to Angel Skelton individually, and were disbursed to her following Brian's death, they did not become property of the Estate of Brian Skelton. *See Stroeker v. Harold*, 111 So. 3d 138, 143-44 (Ala. Civ. App. 2012) ("in Alabama life-insurance proceeds made payable to parties other than the deceased person, the estate of the deceased person, or the personal representative of the estate of the deceased person do not become a part of the estate"); *Ex parte Ghafary*, 738 So. 2d

778, 780 (Ala. 1998) (an estate is a "separate legal entity"). Accordingly, Plaintiff's proposed amendment is futile. There is no possibility that Plaintiff could recover on her unjust enrichment claim, because the Estate of Brian Skelton never received or retained the life insurance proceeds she seeks to recover.

## III. THE MOTIONS TO DISMISS

After the Lincoln Defendants removed the case to this Court, Paul Saia, Paula Saia Wade, and the Estate of Brian Skelton filed motions to dismiss, asserting the same grounds for dismissal as the Lincoln Defendants had asserted in support of their claim of fraudulent joinder.[11] (Docs. 4 & 8). Based on the above analysis, all of Plaintiff's claims against Saia and the Estate of Brian Skelton are barred by Alabama's survival statute, and both defendants are due to be dismissed from the case as a matter of law. Plaintiff having conceded to Wade's dismissal, the motions to dismiss are due to be granted in their entireties.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to remand (Doc. 15) will be **DENIED**, Plaintiff's motion to amend (Doc. 13) will be **DENIED,** Paul Lee Saia and Paula Saia Wade's motion to dismiss (Doc. 4) will be **GRANTED**, and the

---

[11] The Estate of Brian Skelton also asserted that Plaintiff did not have standing to bring claims on behalf of Rheta's Estate, an argument that was not raised in the Lincoln Defendants' notice of removal.

15

Estate of Brian Skelton's motion to dismiss (Doc. 8) will be **GRANTED**. An appropriate order consistent with this opinion will be entered.

**DATED** this 6th day of October, 2017.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge