FILED
2018 Apr-13 AM 09:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LORETTA JOYCE SKELTON, as the Personal Representative of the ESTATE OF RHETA S. SKELTON and as the Trustee of THE RHETA S. SKELTON 2015 REVOCABLE TRUST, ) ) ) ) ) ) ) ) Plaintiff, ) ) v. ) ) PAUL LEE SAIA; PAULA SAIA ) WADE; LINCOLN FINANCIAL ) ADVISORS CORPORATION; ) LINCOLN NATIONAL LIFE ) INSURANCE COMPANY; ) EVANGELA R. TAYLOR ) SKELTON, as the Personal ) Representative of the ESTATE OF ) BRIAN L. SKELTON, SR., et al., ) ) Defendants. ) | Case No. 2:17-cv-00277-JEO |

## **MEMORANDUM OPINION**

This case was filed in the Circuit Court of Jefferson County, Alabama, and then removed to this court by defendants Lincoln Financial Advisors Corporation and Lincoln National Life Insurance Company (collectively, the "Lincoln Defendants") based on diversity jurisdiction. In their notice of removal, the Lincoln Defendants argued that there was complete diversity of citizenship between the parties, notwithstanding that plaintiff Loretta Joyce Skelton, in her

capacity as the Personal Representative of the Estate of Rheta S. Skelton and as the Trustee of the Rheta S. Skelton 2015 Revocable Trust ("Plaintiff"), and defendants Paul Lee Saia, Paula Saia Wade, and Evangela R. Taylor Skelton, in her capacity as the Personal Representative of the Estate of Brian L. Skelton, Sr. ("the Estate of Brian Skelton"), were all citizens of Alabama.[1]  The Lincoln Defendants argued that the citizenship of Saia, Wade, and the Estate of Brian Skelton should be ignored because they were fraudulently joined to evade federal jurisdiction.  Specifically, the Lincoln Defendants argued that there was no reasonable possibility that Plaintiff could prove any of her causes of action against Saia, Wade, and the Estate of Brian Skelton.[2]

Following removal, Saia, Wade, and the Estate of Brian Skelton filed motions to dismiss Plaintiff's claims on several grounds, including that all of Plaintiff's claims were barred by Alabama's survival statute, ALA. CODE § 6-5-462.  Plaintiff conceded that Wade was due to be dismissed, but otherwise opposed the motions to dismiss.  Plaintiff also filed a motion to remand the case to Jefferson County Circuit Court, asserting that Saia and the Estate of Brian Skelton were not fraudulently joined.

---

[1] The Lincoln Defendants are not Alabama citizens.

[2] Plaintiff's complaint, as amended, includes claims for breach of fiduciary duty, conversion, fraudulent misrepresentation, deceit, fraudulent suppression, and civil conspiracy.

2

After the motions were briefed by the parties, the court entered a memorandum opinion and an order denying Plaintiff's motion to remand, finding that Saia and the Estate of Brian Skelton had been fraudulently joined because all of Plaintiff's claims against them were barred by the survival statute. The court also dismissed Saia, Wade, and the Estate of Brian Skelton, leaving the Lincoln Defendants as the only remaining defendants. (Docs. 30 & 31).

Plaintiff has now moved the court to reconsider its memorandum opinion and order denying her motion to remand and dismissing Saia and the Estate of Brian Skelton. (Doc. 33). The Lincoln Defendants, in turn, have moved for a judgment on the pleadings based on, among other arguments, Alabama's survival statute. (Doc. 34). The Lincoln Defendants have also moved the court to strike an affidavit that Plaintiff submitted in opposition to their motion for judgment on the pleadings. (Doc. 41). This opinion addresses the pending motions.

## I. PLAINTIFF'S MOTION TO RECONSIDER

The grant or denial of a motion to reconsider is left to the discretion of the trial court. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000); *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). "[A]s a general rule, '[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error

3

or manifest injustice.'" *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1268 (N.D. Ala. 2006) (quoting *Summit Med. Ctr. of Alabama, Inc.*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003)). A party "cannot use a motion to reconsider to relitigate old matters, to raise new legal arguments that could have been raised earlier, or to present new evidence that could have been presented earlier." *American Income Life Ins. Co. v. Google, Inc.*, 2014 WL 4452679, *3 (N.D. Ala. Sept. 8, 2014) (citing *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005), and *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1292 (11th Cir. 2001)).

Here, Plaintiff has moved the court to reconsider its prior opinion and order and, on reconsideration, to remand the case for lack of subject matter jurisdiction. Plaintiff presents two arguments in her motion to reconsider. First, Plaintiff argues that her breach of fiduciary duty claim against Saia and the Estate of Brian Skelton is an equitable claim that is not barred by Alabama's survival statute. (Doc. 33 at 2-4). That argument was raised by Plaintiff in her motion to remand and was rejected by the court in its memorandum opinion. *See* Doc. 30 at 9 (finding that all of Plaintiff's claims against Saia and the Estate of Brian Skelton, including her breach of fiduciary duty claim, "sound[ed] in tort" and were barred by the survival statute). Second, Plaintiff argues that the "common defense" rule precludes a finding that Saia and the Estate of Brian Skelton were fraudulently joined. (Doc. 33

4

at 4-7). This is a new argument that Plaintiff did not make in her motion to remand or in any of her prior filings.

Because a motion to reconsider cannot be used to relitigate an old matter (i.e., whether Plaintiff's breach of fiduciary claim is barred by Alabama's survival statute) or to inject a new legal argument that could have been raised earlier (i.e., that the "common defense" rule precludes a finding of fraudulent joinder), the court would ordinarily be inclined to deny Plaintiff's motion to reconsider. However, a federal court must continually monitor its subject matter jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case shall be remanded." 28 U.S.C. § 1447(c); *see also* FED. R. CIV. P. 12(h)(3) ("If the court at any time determines that it lacks subject-matter jurisdiction, the court must dismiss the action."). Indeed, federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Because Plaintiff's motion to reconsider challenges the court's finding that it has subject matter jurisdiction over this action, the court will exercise its discretion and take a further look at whether the case should be remanded. *See Sparks v. Cullman Elec. Coop.*, 2016 WL 927032, *1 (N.D. Ala. Mar. 11, 2016) (noting that "the Court must consistently monitor subject matter jurisdiction" and taking "one more look at the plaintiff's arguments concerning remand"); *Mitchell*

5

*& Shapiro LLP v. Marriott Int'l, Inc.*, 2008 WL 11337749 (N.D. Ga. 2008) (granting motion for reconsideration challenging subject matter jurisdiction for the first time).

**A.     Plaintiff's Breach of Fiduciary Duty Claim**

As noted, the court previously determined Saia and the Estate of Brian Skelton were fraudulently joined because all of Plaintiff's claims against them sounded in tort and were barred by Alabama's survival statute. In her motion to reconsider, Plaintiff argues (again) that her breach of fiduciary duty claim is not a tort claim but rather is an equitable claim that is not barred by the survival statute. She thus contends that her breach of fiduciary duty claim against Saia and the Estate of Brian Skelton should not have been dismissed and that, as a consequence, the court lacks subject matter jurisdiction because Saia and the Estate of Brian Skelton are non-diverse defendants who were not fraudulently joined.

As Plaintiff correctly notes in her motion to reconsider, ALA. CODE § 6-5-464 provides that "[a]ll claims equitable in nature upon which no action has been filed shall survive in favor of and against the personal representatives, heirs, or successors of deceased persons who, but for their death, could have enforced such claims or against whom such claims could have been enforced." Plaintiff argues that her breach of fiduciary duty claim against Saia and the Estate of Brian Skelton is such an equitable claim, and in support cites a single decision from the United

6

States Bankruptcy Court for the Northern District of Alabama, *In re Scott*, 481 B.R. 119 (Bankr. N.D. Ala. 2012). In *Scott*, the bankruptcy court held that "the plaintiff's breach of fiduciary duty argument under section 523(a)(4) of the Bankruptcy Code survived [the decedent's] death because breach of a fiduciary duty is an equitable remedy under Alabama law." *Id.* at 139.

Plaintiff's reliance on *Scott* is misplaced. First, *Scott* did not involve a breach of fiduciary duty claim asserted under Alabama law, as is the case here, but instead involved a breach of fiduciary duty claim asserted under the Bankruptcy Code. *See id.* Second, *Scott* is an outlier decision that is contrary to the great weight of Alabama authority. Alabama courts—both state and federal—have repeatedly held that breach of fiduciary duty is a tort claim that does not survive the death of the decedent. *See, e.g., Smith v. Wachovia Bank, N.A.*, 33 So. 3d 1191, 1200 (Ala. 2009) ("[A] breach of fiduciary duty 'is a tort' and because no such tort claim was pending at the time of the husband's death, that claim abated."); *Robbins v. Sanders*, 890 So. 2d 998, 1011 (Ala. 2004) ("Because a claim alleging breach of fiduciary duty is a tort claim and because no such tort claim was pending at the time of James Bailey's and Mary Bailey's deaths, those tort claims were extinguished by their deaths."); *Brooks v. Sanders*, 717 So. 2d 759, 768 (Ala. 1998) (widow's claim for breach of fiduciary duty sounded in tort and "did not survive the decedent's death"); *Fed. Nat. Mortg. Ass'n v. GNM II, LLC*, 2014 WL

7

1572584, *3 n.4 (M.D. Ala. Apr. 17, 2014) ("In Alabama, breach of fiduciary duty is a tort claim."); *Morris v. Trust Co. of Virginia*, 2013 WL 2155388, *2 (M.D. Ala. May 17, 2013) ("unfiled tort claims, including claims for breach of fiduciary duty, are extinguished upon death" (citing *Robbins*, 890 So. 2d at 1011)). Indeed, it is telling that Plaintiff has not cited even one other state or federal case from Alabama that is in line with *Scott*.

In short, the court rejects Plaintiff's argument that it should change its opinion based on a lone bankruptcy court decision. The court stands by its original determination that Plaintiff's breach of fiduciary duty claim against Saia and the Estate of Brian Skelton is a tort claim that is barred by Alabama's survival statute.

**B.     The "Common Defense" Rule**

Plaintiff also invokes, for the first time, the so-called "common defense" rule. The common defense rule holds that "there is no improper joinder if a defense compels the same result for the resident and nonresident defendants, because this would simply mean that the plaintiff's case is ill-founded as to all the defendants." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007) (citations and internal punctuation omitted); *see also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 113 (3d Cir. 1990) ("[W]here there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based

8

on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court."). The Fifth Circuit has explained the rationale behind the rule as follows:

> [W]hen, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper.

*Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

Here, Plaintiff argues that the common defense rule applies because "the Lincoln Defendants rely in their Answer, like Saia and the Estate of Brian Skelton in their Motions to Dismiss, on Alabama's Survival Statute as an affirmative defense" to her claims. (Doc. 33 at 6). She argues that because all of the defendants rely on this same common defense, the common defense rule precludes a finding that Saia and the Estate of Brian Skelton were fraudulently joined and mandates that the case be remanded for lack of subject matter jurisdiction. The court agrees with Plaintiff.

In their opposition to Plaintiff's motion to reconsider, the Lincoln Defendants do not dispute that this case falls within the parameters of the common

defense rule[3], nor do they challenge the logical underpinnings of the rule. Instead, the Lincoln Defendants argue that the court should decline to apply the common defense rule because (1) Plaintiff did not invoke the rule until she filed her motion to reconsider and (2) the common defense rule "is not the law in this Circuit." (Doc. 37 at 5-6). In support of both arguments, the Lincoln Defendants primarily rely on *Shannon v. Albertelli Firm, P.C.*, 610 F. App'x 866 (11th Cir. 2015), an unpublished Eleventh Circuit opinion. In *Shannon*, the Eleventh Circuit stated in a footnote:

> We decline to address Shannon's arguments based on the "common defense" doctrine, *see Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568, 574–75 (5th Cir. 2004) (*en banc* ) ("A showing that the plaintiff's case is barred as to all defendants is not sufficient [to establish fraudulent joinder]."), *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 112 (3d Cir. 1990), because he did not raise this argument until his motion for reconsideration. … Nor is it clear that the rule espoused in *Smallwood* and *Boyer* would apply in this case because a ruling against Shannon on this issue did not "effectively decide[ ] the entire case." *See Smallwood,* 385 F.3d at 571. In addition, we note that this Circuit has not applied the "common defense" rule. *See Henderson* [*v. Washington Nat'l Ins. Co.*], 454 F.3d [1278] at 1282 n.4 [(11th Cir. 2006)].

*Shannon*, 610 F. App'x at 872 n.4.

The court declines to follow *Shannon* for a number of reasons. First, *Shannon* is an unpublished opinion and, as such, does not stand as binding

---

[3] In fact, the Lincoln Defendants have now filed a motion for judgment on the pleadings that relies on Alabama's survival statute and "all of the other arguments made in support of dismissal by Paul Saia, Paula Saia Wade, and the Estate of Brian Skelton." (Doc. 34 at ¶¶ 3-4).

10

precedent. *See* 11th Cir. R. 36-2. Second, it was not clear that the common defense rule applied in *Shannon*, where the district court's decision that the plaintiff had no possible cause of action against the resident defendant did not "effectively decide" the entire case. Here, in contrast, it is clear that the common defense rule does apply; if Plaintiff's claims against Saia and the Estate of Brian Skelton are barred by Alabama's survival statute, then the claims are barred as to the Lincoln Defendants as well. In other words, a ruling against Plaintiff on this issue "effectively decides" the entire case. Third, the *Shannon* court did not reject the common defense rule, but instead declined to address the plaintiff's common defense argument because he did not raise the argument until his motion for reconsideration. As noted above, it is within a trial court's discretion whether to grant or deny a motion to reconsider, and here the court has exercised its discretion to consider Plaintiff's common defense argument.

With respect to the *Shannon* court's observation that the Eleventh Circuit has not applied the common defense rule and its citation to *Henderson v. Washington Int'l Ins. Co.* (a published Eleventh Circuit opinion), the court notes that the *Henderson* court did not reject the common defense rule or decline to adopt it. Rather, the *Henderson* court stated that it "need not reach" the issue. *Henderson*, 454 F.3d at 1282 n.4. The court also notes that a number of lower courts in the Eleventh Circuit have accepted and applied the common defense rule

11

post-*Henderson*. *See Brown v. Endo Pharm., Inc.*, 38 F. Supp. 3d 1312, 1324 (S.D. Ala. 2014) ("Because Endo's argument that plaintiff cannot possibly prevail against the non-diverse defendant rests on a defense … that would be equally damaging to plaintiff's claims against the diverse defendant, the common defense doctrine precludes a finding of fraudulent joinder."); *Mannsfeld v. Evonik Degussa Corp.*, 2011 WL 53098, *13 (S.D. Ala. Jan 5, 2011) (finding that the common defense rule foreclosed the defendants' contention that the non-diverse defendant was fraudulently joined, where the same statute of limitations defense "applie[d] equally to diverse and non-diverse defendants"); *Feldman v. AXA Equitable Life Ins. Co.*, 2009 WL 2486899, *4 n.6 (S.D. Ga. Aug. 10, 2009) (declining to find fraudulent joinder based on a statute of limitations defense that would bar claims against resident and non-resident defendants alike); *Loop v. Allianz Life Ins. Co. of North America*, 2009 WL 981988, *5 (S.D. Ala. Apr. 13, 2009) ("when a fraudulent joinder defense would eliminate not only the claims against a single defendant, but … all claims against all defendants, then the common defense rule requires that the federal court reject the fraudulent joinder arguments and remand the removed action back to the State courts for appropriate action"); *Cherry v. AIG Sun America Life Assur. Co.*, 2008 WL 508428, *2 (M.D. Ala. Feb. 21, 2008) ("The common defense rule provides that when a defense to liability is common to diverse and non-diverse defendants, fraudulent joinder cannot be found. … [T]hese

attacks on the joinder of the non-diverse defendant are in reality attacks on the merits of the entire case because they undermine the claims against both the diverse and non-diverse defendants."). As Chief Judge William H. Steele of the Southern District of Alabama has observed, "Certainly, nothing about [the common defense] rule would conflict with Eleventh Circuit jurisprudence." *Mannsfeld*, 2011 WL 53098, at *12.

    For all of these reasons, the court will not disregard the common defense rule, especially given its clear application here. Because the Lincoln Defendants' argument that Plaintiff cannot possibly prevail against Saia and the Estate of Brian Skelton rests on a defense—that Plaintiff's claims are barred by Alabama's survival statute—that applies equally to Plaintiff's claims against the Lincoln Defendants, the common defense rule precludes a finding that Saia and the Estate of Brian Skelton were fraudulently joined.[4] Accordingly, because Saia and the Estate of Brian Skelton are non-diverse defendants, the court lacks subject matter jurisdiction over the case, which is due to be remanded to the Circuit Court of Jefferson County, Alabama.

---

[4] The court notes that the other arguments advanced by the Lincoln Defendants in their notice of removal for why Plaintiff cannot prevail against Saia and the Estate of Brian Skelton—including their arguments that the claims are barred by Alabama's rule of repose and the applicable statutes of limitation—would also apply equally to the Lincoln Defendants.

13

## II. THE LINCOLN DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO STRIKE

The court having determined that it lacks jurisdiction over this case, the Lincoln Defendants' pending motion for judgment on the pleadings and pending motion to strike Plaintiff's affidavit are moot.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to reconsider (doc. 33) will be **GRANTED** and this case will be **REMANDED** to the Circuit Court of Jefferson County, Alabama. The court's order denying Plaintiff's motion to remand, granting Paul Lee Saia and Paula Saia Wade's motion to dismiss, and granting the Estate of Brian Skelton's motion to dismiss (doc. 31) will be **REVERSED** as to the denial of Plaintiff's motion to remand and **VACATED** as to the dismissal of Paul Lee Saia, Paula Saia Wade, and the Estate of Brian Skelton. The Lincoln Defendants' motion for judgment on the pleadings (doc. 34) and motion to strike Plaintiff's affidavit (doc. 41) are **MOOT**.

An appropriate order consistent with this opinion will be entered.

**DATED** this 13th day of April, 2018.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge